# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **BRENDA MARKHAM,** | 1:18-cv-00303-LJO-JLT |
| **Plaintiff,** | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| **TEHACHAPI UNIFIED SCHOOL DISTRICT,** | |
| **Defendant.** | |

## I. PRELIMINARY STATEMENT TO PARTIES AND COUNSEL

Judges in the Eastern District of California carry the heaviest caseloads in the nation, and this Court is unable to devote inordinate time and resources to individual cases and matters. Given the shortage of district judges and staff, this Court addresses only the arguments, evidence, and matters necessary to reach the decision in this order. The parties and counsel are encouraged to contact the offices of United States Senators Feinstein and Harris to address this Court's inability to accommodate the parties and this action. The parties are required to reconsider consent to conduct all further proceedings before a Magistrate Judge, whose schedules are far more realistic and accommodating to parties than that of U.S. District Judge Lawrence J. O'Neill, who must prioritize criminal and older civil cases.

Civil trials set before Judge O'Neill trail until he becomes available and are subject to suspension mid-trial to accommodate criminal matters. Civil trials are no longer reset to a later date if Judge O'Neill is unavailable on the original date set for trial. Moreover, this Court's Fresno Division randomly and without advance notice reassigns civil actions to U.S. District Judges throughout the nation to serve as

1

visiting judges. In the absence of Magistrate Judge consent, this action is subject to reassignment to a U.S. District Judge from inside or outside the Eastern District of California.

## II. INTRODUCTION

This case concerns a request for attorney's fees stemming from administrative due process hearing under the Individuals with Disabilities Education Act ("IDEA"). 20 U.S.C. § 1400 *et seq.* On March 4, 2018, Plaintiff Brenda Markham filed a complaint seeking attorney's fees and costs related to a due process hearing before California's Office of Administrative Hearings ("OAH"). ECF No. 1. On April 4, 2018, Defendant Tehachapi Unified School District filed a motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6), ECF No. 5, and an associated request for judicial notice, ECF No. 6. Plaintiff filed an opposition on April 16, 2018, ECF No. 8, and Defendant filed a reply on April 23, 2018, ECF No. 9. The Court concluded that this matter was suitable for decision on the papers pursuant to Eastern District of California Local Rule 230(g), and deemed the matter submitted on April 23, 2018. ECF No. 10.

## III. JUDICIAL NOTICE

Defendant requests that the Court take judicial notice of the pleadings and filings in *K.M. v. Tehachapi Unified School District* ("*K.M.*"), Case No. 1:17-cv-01431-LJO-JLT. ECF No. 6 at 1-2. Plaintiff does not appear to oppose the request for judicial notice. *See* ECF No. 8. "[A] court may take judicial notice of its own records in other cases" under Federal Rule of Evidence 201. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). As the case Defendant asks the Court to take judicial notice of is assigned to this Court, and Plaintiff does not object to such notice, the Court GRANTS Defendant's motion to take judicial notice.

## IV. BACKGROUND

Plaintiff's Complaint alleges the following facts, which are accepted as true only for the purposes of the instant motion to dismiss. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Plaintiff sought and received an administrative due process hearing pursuant to 20 U.S.C. §

1415(b)(6)(A) regarding the denial by Defendant of a free and appropriate public education ("FAPE") for her child K.M. ECF No. 1 at ¶ 10. Plaintiff retained the law firm of Andrea Marcus in connection with the due process proceedings, and Ms. Marcus represented Plaintiff at the due process hearing. *Id.* at ¶ 12. Following the due process hearing conducted from March 7-9, 2017, the OAH issued a decision on April 24, 2016. *Id.* at ¶ 11. The OAH determined that Plaintiff was the prevailing party, finding that Defendant "denied [K.M.] a FAPE by significantly impeding [Plaintiff's] right to participate in the IEP process." *Id.* Because Plaintiff was the prevailing party at in the due process proceedings, Plaintiff alleges that Ms. Marcus is entitled to reasonable attorney's fees and costs, amounting to $97,345.50, plus interest. *Id.* at ¶ 13. Plaintiff also alleges that Ms. Marcus is entitled to reasonable attorney's fees of an undetermined amount in connection with the instant action. *Id.* at ¶ 14.

## V. **STANDARD OF DECISION**

A motion to dismiss under Rule 12(b)(6) challenges the legal sufficiency of the opposing party's pleadings. Dismissal of an action under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the pleading party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). The inquiry is generally limited to the allegations made in the complaint. *Lazy Y Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To overcome a Rule 12(b)(6) challenge, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible claim is one which provides more than "a sheer possibility that a defendant has acted unlawfully." *Id.* A claim which is possible, but which is not supported by enough facts to

"nudge [it] across the line from conceivable to plausible . . . must be dismissed." *Twombly*, 550 U.S. at 570.

A complaint facing a Rule 12(b)(6) challenge "does not need detailed factual allegations [but] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the element of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (internal citations omitted). In essence, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id*. at 562. To the extent that any defect in the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend, unless the pleading "could not possibly be cured by the allegation of other facts. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990).

## VI. <u>ANALYSIS</u>

Defendant argues that *K.M.,* initiated by Plaintiff on behalf of her child K.M. on October 23, 2017, arises out of the same core facts as this case, and that the general prohibition of "claim-splitting" operates as a bar to Plaintiff's maintenance of this separate action for attorney's fees and costs. ECF No. 5 at 7-8. Plaintiff contends that the OAH's decision on the IDEA claims became final when Defendant failed to appeal it within the statutory timeframe, and that this claim for attorney's fees is entirely separate from the ADA and § 504 claims asserted in *K.M.* ECF No. 8 at 4-5. Plaintiff asserts that the relief she seeks in this case is not the same as in *K.M.*, that the resolution of this case will have no bearing on the earlier filed action, and vice versa, and that this claim does not turn on the facts alleged in *K.M. Id*. at 6-8.

The claim-splitting doctrine bars a party from bringing separate actions for claims arising from the same facts. *The Haytian Republic*, 154 U.S. 118, 125 (1894). The doctrine serves "to 'protect the Defendant from being harassed by repetitive actions based on the same claim' and to promote judicial economy and convenience." *Bojorquez v. Abercrombie & Fitch, Co.*, No. CV 15-9651 JGB (AGRx),

2016 WL 3693798, at *3 (C.D. Cal. June 16, 2016) (quoting *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th Cir. 1995)). Claim-splitting is an aspect of the res judicata principle of claim preclusion and a similar test is applied for both. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688-89 (9th Cir. 2007), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). The doctrine of claim preclusion "[t]reats a judgment, once rendered, as the full measure of relief to be accorded between the parties on the same 'claim' or 'cause of action.'" *Kaspar Wire Works, Inc. v. Leco Eng. & Mach., Inc.*, 575 F.2d 530, 535 (5th Cir. 1978). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties or privies to the action, are the same." *Adams*, 487 F.3d at 689. Both elements (identity of cause of action and relief, and identity or privity of parties) must be the same in both actions for the claim-splitting doctrine to apply.[1]

The Ninth Circuit applies a "transaction" test to determine whether the causes of action in successive suits are identical. *Adams*, 487 F.3d at 690. Four criteria are weighed in the transaction test:

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

*Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). The last criteria, "whether the two suits arise out of the same transactional nucleus of facts," is the most important. *Id.* at 1202.

The sole claim in this case is for attorney's fees and costs under the fee shifting provision of the IDEA. The IDEA provides that the court "in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability. . . ." 20 U.S.C. §

---

[1] The traditional test for res judicata requires "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2001) (quotation marks omitted). Claim-splitting by necessity omits the second element of "a final judgment on the merits" in the previous action. *See Adams*, 487 F.3d at 688-89 (dismissal of later filed suit under claim-splitting doctrine was proper where earlier filed claim was pending); *Katz v. Gerardi*, 655 F.3d 1212, 1219 (10th Cir. 2011) ("If the party challenging a second suit on the basis of claim splitting had to wait until the first suit was final, the rule would be meaningless.").

1415(i)(3)(B)(i)(I). A party who prevails at an IDEA administrative hearing may file a complaint in federal court with the sole purpose of seeking attorney's fees and costs incurred at the hearing. *P.N. v. Seattle Sch. Dist. No. 1*, 474 F.3d 1165, 1169 (9th Cir. 2007) (holding that IDEA authorizes standalone action to recover attorney's fees and costs even if parties resolve the dispute prior to the administrative or judicial proceeding).

The earlier filed action, *K.M.*, involves claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*, and the California Unruh Act, Cal. Civ. Code § 51 *et seq.*[2] Case No. 1:17-cv-01431-LJO-JLT, ECF No. 14 at 1. Title II of the ADA, which is applicable to public services such as public schools, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A violation of the ADA is, *per se*, a violation of the Unruh Act. *Lentini v. Cal. Ctr. for the Arts*, 370 F.3d 837, 847 (9th Cir. 2004). "Section 504 creates a private right of action for individuals subjected to disability discrimination by any program or activity receiving federal financial assistance." *Fleming v. Yuma Reg'l Med. Ctr.*, 587 F.3d 938, 940 (9th Cir. 2009).

Comparing the causes of action alleged in *K.M.* to this action for attorney's fees, the Court concludes that the first transaction test factor, whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, weighs against the identity of the claims. Regardless of which party prevails in *K.M.*, a determination as Plaintiff's entitlement to attorney's fees and costs stemming solely from her IDEA action will not have an impact on those rights or interests. At most, there could conceivably be some overlap as to attorney's fees for work performed at the administrative level which could apply to both the IDEA and disability claims.

---

[2] During the pendency of this motion, the Court dismissed claims under 42 U.S.C. §§ 1983 and 1985. *K.M.*, Case No. 1:17-cv-01431-LJO-JLT, ECF Nos. 25 and 28.

*See K.M. ex rel. Bright v. Tustin Unified Sch. Dist.*, 78 F. Supp. 3d 1289, 1303 (C.D. Cal. 2015) (finding that a prevailing party in an ADA claim may recover fees for an ultimately unsuccessful IDEA administrative proceeding when administrative exhaustion of the ADA claim was required). However, Plaintiff will not be able to recover fees in the earlier filed action for work performed in the IDEA due process hearing, and in no event would an award of attorney's fees in this action impact the rights or interests to be established as to the disability dispute at the core of *K.M.*

The second factor, whether substantially the same evidence is presented in the two actions, also does not support the identity of the claims. Defendant contends that "[w]itnesses in both cases will be identical if not substantially similar – as the individuals who are alleged to have violated Plaintiff's civil rights under color of state law are the same individuals who participated in the due process case." ECF No. 5 at 8. It is not clear to the Court what relevance those witnesses would have in determining whether Plaintiff was a prevailing party entitled to attorney's fees under the IDEA, or whether her requests for fees and costs are appropriate. Whether or not Plaintiff is entitled to attorney's fees for the IDEA action depends, according to Defendant, on whether Plaintiff obtained a benefit through the OAH decision, and whether the IDEA violation was procedural or substantive. ECF No. 9 at 3. The attorney's fee claim therefore involves factual questions regarding the conduct and outcome of the IDEA litigation and any offers of settlement regarding Plaintiff's FAPE, and not whether the Defendant accommodated K.M.'s disability.

Moreover, the claims brought in *K.M.* were dismissed from the due process proceeding at a relatively early stage, when the OAH determined it did not have jurisdiction to hear non-IDEA claims. ECF No. 14 at ¶ 43. The disability claims in *K.M.* were therefore not even considered in the due process hearing on which Plaintiff contends she prevailed, and it is not asserted by either party that the evidence developed through the hearing pertains to the ADA or § 504 claims. Additionally, in order to prevail on her ADA and § 504 claims, Plaintiff will have to prove elements that were not required in order to prevail in the IDEA due process hearing. *See K.M. ex rel. Bright*, 725 F.3d at 1101 ("[C]ourts evaluating

claims under the IDEA and Title II must analyze each claim separately under the relevant statutory and regulatory framework. We note, however, that nothing in out holding should be understood to bar district courts from applying ordinary principles of issue and claim preclusion in cases raising both IDEA and Title II claims where the IDEA administrative appeals process has functionally adjudicated some or all questions relevant to a Title II claim in a way that precludes relitigation."). Those elements likely will require different evidence than that which is relevant to this attorney's fee claim.

The third factor, whether the two suits involve infringement of the same right, also weighs against the identity of the claims. The disability claims brought in *K.M.* protect different rights than the IDEA. The ADA and § 504 of the Rehabilitation Act provide relief from intentional discrimination. *S.L. ex rel. Mary L. v. Downey Unified Sch. Dist.*, No. CV 13-06050 DDP (PJWx), 2014 WL 934942, at *5 (C.D. Cal. Mar. 10, 2014). The Congressional objective of both statutes is "the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1). The IDEA, on the other hand, creates and enforces safeguards to ensure that children receive a FAPE. *K.M. ex rel. Bright v. Tustin Unified Sch. Disct.*, 725 F.3d 1088, 1095 (9th Cir. 2013). While § 504 also entitles students to a FAPE, the requirements under that section are similar, but not identical to, those imposed by the IDEA, and the § 504 FAPE requirement may be met without an IEP that satisfies the IDEA. *Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008). The Court has already addressed this question to some extent in the earlier filed case. After Defendant's motion to dismiss was filed in this case, the Court granted Defendant's motion to dismiss in *K.M.*, finding in part that Plaintiff's claims under § 504 and the ADA were not subject to the IDEA exhaustion requirement. Case No. 1:17-cv-01431-LJO-JLT, ECF No. 25 at 9-10. In doing so, this Court concluded that Plaintiff's ADA and § 504 claims "do not seek remedies for the denial of a FAPE" because the non-IDEA claims turn on the school's failure to accommodate the prescribed treatment for her disability rather than the provision of a FAPE under the IDEA. *Id.* at 9. Indeed, Defendant concedes that the two actions protect distinct rights. ECF No. 5 at 8.

The fourth factor of the transaction test, which Defendant identifies as the most important, is

whether the two suits arise from the same transactional nucleus of facts. The Court has not been able to find any case directly on point in this matter, and neither Plaintiff nor Defendant has brought any to the Court's attention. This appears to be a somewhat anomalous situation, but at least one court in this Circuit has concluded that a final decision on an IDEA claim does not have claim preclusive effect on claims brought under the ADA and § 504 because the claims are not identical. *Snell v. N. Thurston Sch. Dist.*, No. C13-5786 RBL, 2015 WL 5012761, at *3 (W.D. Wash. Aug 21, 2015). The claims in the two cases at issue here are a step further removed from each other compared to those in *Snell*, as the claim to which Defendant seeks to apply the claim-splitting doctrine arises only as the result of the termination of IDEA proceedings.

While the claims Plaintiff asserts in *K.M.* arise out of Defendant's alleged refusal to accommodate K.M.'s disability, the attorney's fee claim brought here was created when Plaintiff allegedly prevailed in her IDEA due process hearing. *See Myslow v. Avery*, No. Civ. A. 3:02-CV-1957, 2003 WL 21356407, at *2 (D. Conn. June 10, 2003) (actions for attorney's fees in IDEA case arose out of the transaction of a due process hearing for the purpose of res judicata). While the due process hearing would not have taken place but for the school's refusal to allow Plaintiff her requested mode of behavior therapy, and the transactions are somewhat related, they constitute separate factual nuclei. Plaintiff's right to bring this civil action to determine whether she is entitled to attorney's fees and the amount, if any, of those fees is derived from the IDEA's fee shifting provision. The right to bring this action was created only after K.M. prevailed in the IDEA due process hearing. Contrary to Defendant's argument, the mere fact that Plaintiff included facts regarding the history of this attorney's fees action in complaints filed in both *K.M.* and this case does not conclusively establish that the claims arise from the same nucleus of fact. *See* ECF No. 5 at 7-8. Plaintiff included those facts as background material, not as the substance of her claim in this matter. ECF No. 8 at 8. Accordingly, the Court concludes that the fourth factor does not weigh in favor of the identity of the claims at issue here.

As all four factors weigh against the identity of the claims in the two cases, the Court finds that

there is no identity of claims. Since one of the required elements for claim-splitting has not been shown, the doctrine of claim-splitting does not apply, and the Court need not consider whether the parties and relief sought are identical in the two actions.

## VII. CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion to dismiss is DENIED.

IT IS SO ORDERED.

| Dated: | **June 20, 2018** | **/s/ Lawrence J. O'Neill** |
|---|---|---|
| | | UNITED STATES CHIEF DISTRICT JUDGE |